IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AMADOR CARRERA-RAMIREZ,<br><br>Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DESCISION AND ORDER DENYING MOTION TO VACATE<br><br>Case No. 2:16-cv-00623-JNP<br><br>District Judge Jill N. Parrish |

Movant Amador Carrera-Ramirez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 1. The court DENIES the motion.

The government obtained an indictment against Carrera-Ramirez and two codefendants for several armed robberies of small businesses in Salt Lake City. Carrera-Ramirez entered into a plea agreement whereby he agreed to plead guilty to four of the counts in the superseding indictment: two counts of Hobbs Act robbery in violation of 18 U.S.C. § 1951 and two counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). The court sentenced Carrera-Ramirez to 37 months imprisonment for the two counts of Hobbs Act robbery, 84 months of imprisonment for one of the § 924(c) counts, and 300 months of imprisonment for the other § 924(c) count. The court ordered that these sentences be served consecutively, amounting to a total sentence of 421 months (35 years and one month). Carrera-Ramirez moved to vacate, set aside, or correct his sentence pursuant to § 2255, arguing that his § 924(c) convictions should be vacated.

Under § 924(c), it is a crime to use or carry a firearm during and in relation to a crime of violence. A "crime of violence" is defined as

> an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The Supreme Court has held that subdivision (B), quoted above, is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Accordingly, a § 924(c) conviction must be based on a predicate crime that has as an element the use or attempted use "of physical force against the person or property of another."

The predicate crime of violence in this case is Carrera-Ramirez's convictions for Hobbs Act robbery. Whether a crime qualifies as a predicate offense for a § 924(c) conviction is a question of law resolved by applying the "categorical approach."

> Under the categorical approach, we look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction. We must compare the scope of conduct covered by the elements of the crime with § 924(c)(3)(A)'s definition of "crime of violence."

*United States v. Bowen*, 936 F.3d 1091, 1102 (10th Cir. 2019) (cleaned up) (citations omitted). Applying this categorical approach, the Tenth Circuit has determined that Hobbs Act robbery qualifies as a crime of violence within the meaning of § 924(c)(3)(A). *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1066 (10th Cir. 2018).

Carrera-Ramirez contends that the holding of *Melgar-Cabrera* does not foreclose his argument that Hobbs Act robbery is not a crime of violence because he asserts two arguments in this case that were not presented to the Tenth Circuit in the *Melgar-Cabrera* appeal. First, he argues that Hobbs Act robbery is not categorically a crime of violence because it can be accomplished by

threatening harm to intangible property, such as a stock option, a contract right, or a trade secret. Second, he asserts that Hobbs Act robbery is not a crime of violence because it can be perpetrated by using or threatening nonviolent force against physical property—e.g., tearing a valuable stamp, spray painting an expensive car, or immersing a laptop in water. Carrera-Ramirez contends that because *Melgar-Cabrera* did not specifically address these two arguments, it is not strictly binding. He urges the court to resolve these new arguments as a matter of first impression.

The court must decline this invitation. The Tenth Circuit has recently rejected a similar contention that *Melgar-Cabrera* is not binding precedent to the extent that defendants raise new arguments that were not expressly rejected in that case. The defendant in *United States v. Baker* argued that a panel of the Tenth Circuit

> can avoid *Melgar-Cabrera* by recognizing that the case did not specifically grapple with his arguments here. As his reasoning goes, because *Melgar-Cabrera* did not consider the possibility that Hobbs Act robbery can be accomplished through threats or "fear of injury" directed towards intangible or tangible property, we can hold that Hobbs Act robberies committed by such threats are not qualifying crimes of violence under § 924(c)(3)(A).

49 F.4th 1348, 1358 (10th Cir. 2022) (citation omitted). The *Baker* court rejected this argument because "[u]nless and until the holding of a prior decision is overruled by the Supreme Court or by the en banc court, that holding is the law of this Circuit *regardless of what might have happened had other arguments been made to the panel that decided the issue first.*" *Id.* (citation omitted). "In other words, the fact that the defendant in *Melgar-Cabrera* did not provide the same or similar argument as Mr. Baker's argument here is of no moment; we are bound to follow *Melgar-Cabrera* absent a contrary decision by the Supreme Court or en banc reconsideration of *Melgar-Cabrera*." *Id.*; *accord United States v. Toki*, 822 F. App'x 848, 853 (10th Cir. 2020) (unpublished) ("[I]n *Melgar-Cabrera*, we *categorically* held that Hobbs Act robbery is a crime of violence based on

the elements of the offense. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." (Cleaned up) (citations omitted)); *United States v. Hendrickson*, 831 F. App'x 421, 422–23 (10th Cir. 2020) (unpublished) ("Defendant maintains that under *Davis*, he is innocent of the § 924(c) charge because Hobbs Act robbery is not categorically a crime of violence. We previously rejected this argument in *United States v. Melgar-Cabrera*, where we explicitly held that Hobbs Act robbery *is* categorically a crime of violence under § 924(c)(3)(A)—the elements clause. And despite numerous arguments like Defendant's, neither we nor the Supreme Court have reversed *Melgar-Cabrera*." (Citation omitted)).

The court concludes, therefore, that it may not entertain the new arguments presented by Carrera-Ramirez. Under binding precedent, Hobbs Act robbery is categorically a crime of violence. Accordingly, the court rejects Carrera-Ramirez's contention that he is innocent of the § 924(c) charges brought against him and denies his § 2255 motion to vacate his convictions for using a firearm during a crime of violence.

DATED March 31, 2023.

BY THE COURT

Jill N. Parrish
United States District Court Judge